NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALVA N. RASCOE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1629

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4760, Judge Joseph L. Toth.

---

Decided: January 7, 2021

---

MITCHELL SETH KESSLER, Cohoes, NY, for claimant-appellant.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

Alva N. Rascoe appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court). The Veterans Court affirmed a decision of the Board of Veterans' Appeals (Board), denying him service connection for sleep apnea and hearing loss in his right ear. Because we lack jurisdiction, we *dismiss.*

## BACKGROUND

Mr. Rascoe served in the U.S. Army from 1972 to 1975. During his service, Mr. Rascoe served as a driver of heavy vehicles in Germany.

Mr. Rascoe suffered from hearing loss prior to joining the Army. When he enlisted in the Army, on December 15, 1971, Mr. Rascoe underwent a physical examination, which included an audiogram to measure his hearing threshold pre-induction. At that time, his right ear showed signs of preexisting hearing loss.[1] Mr. Rascoe was examined again pre-separation on February 27, 1975. The pre-separation examination showed no significant hearing loss as compared to the pre-induction examination. Based on the results of the pre-separation examination, for the remainder of his service period, Mr. Rascoe was prohibited

———————

[1]    Under 38 C.F.R. § 3.385, "impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent."

from undertaking assignments "involving habitual or frequent exposure to loud noises or firing of weapons." J.A. 41.

Mr. Rascoe's service treatment records do not indicate or mention that he complained of sleep apnea or other sleep-related issues during his period of service. He first discovered that he suffers from sleep apnea in 2007 after a sleep study revealed the presence of the condition.

Mr. Rascoe sought disability benefits from the Department of Veterans Affairs (VA) for service connection for his hearing loss and sleep apnea. In May 2018, the Board issued a decision that denied Mr. Rascoe service connection for hearing loss in his right ear and sleep apnea.

Regarding his claim to hearing loss in his right ear, the Board concluded that "[e]ntitlement to service connection for [aggravation of] right ear hearing loss [was] not warranted." J.A. 23. In support of this conclusion, the Board found that Mr. Rascoe's service treatment records revealed that he had hearing loss in his right ear when he entered the service in 1971, as reflected in his entrance examination. The Board further found that there was no evidence that this preexisting right-ear hearing loss was aggravated by his service, although Mr. Rascoe reported that he had been exposed to potentially damaging noise. The Board cited an examination conducted by the VA in November 2012 in which the examiner indicated that Mr. Rascoe's preexisting right ear hearing loss was not shown to have been significantly worsened by his military service. Specifically, the examiner concluded that "there were no significant changes for any frequency in the right ear when comparing [Mr. Rascoe's] pre-induction audiogram to [his] separation audiogram." J.A. 23. The Board found this examination opinion highly probative and "more probative than [Mr. Rascoe's] lay statements describing his perceived worsening of right ear hearing loss in service." J.A. 24.

Regarding his sleep apnea claim, after reviewing and weighing the evidence, the Board concluded that the preponderance of the evidence was against the claim. In reaching that conclusion, the Board found that Mr. Rascoe's service treatment records did not "mention sleep apnea or any other issues regarding the Veteran's sleeping patterns." J.A. 19. Importantly, the Board found that Mr. Rascoe did not report any issues with sleeping during his February 1975 separation examination and that he testified that he was not diagnosed with or treated for sleep apnea while on active duty. The Board further found that Mr. Rascoe "ha[d] not provided any credible lay statements or medical evidence suggesting that his current sleep apnea [was] related to his active duty service." J.A. 19. The Board did note that, during a February 2018 hearing, Mr. Rascoe testified that he believed others had noted that he snored very loudly while he served on active duty, but the Board found this insufficient to establish his claim.

Mr. Rascoe appealed to the Veterans Court. Regarding his hearing loss claim, he argued that the 2012 VA medical opinion, which concluded that his preexisting right-ear hearing loss was not aggravated by his service, was inadequate. The Veterans Court held that the Board made no error in relying on the 2012 VA examiner's opinion regarding his preexisting right-ear hearing loss.

Concerning his sleep apnea claim, Mr. Rascoe argued that the Board should have obtained a medical examination to determine whether his sleep apnea was related to his service connection claim and that the Board should have considered his lay testimony about others observing him "fighting" in his sleep during his service period, i.e., apparently that he had dreams of combat. Mr. Rascoe had mentioned this during his testimony regarding a post-traumatic stress disorder claim (not at issue on this appeal). The Veterans Court held that, after considering and weighing the evidence Mr. Rascoe presented, the Board made

sufficient findings to support its conclusion that a medical examination was not necessary to determine whether Mr. Rascoe's sleep apnea was related to his service.

Mr. Rascoe appeals.[2]

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We cannot, however, review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. *Id*. § 7292(d)(2).

On appeal, Mr. Rascoe challenges the Veterans Court's decision on several grounds. We agree with the government that we are without jurisdiction to consider Mr. Rascoe's appeal.

As to his hearing loss claim, Mr. Rascoe argues that the Veterans Court "misinterpreted or misapplied governing law, applied incorrect legal standards, and failed to weigh evidence in accordance with statutory and regulatory standards." Appellant's Br. 15. In support, Mr. Rascoe asserts an array of arguments, including that the Veterans Court failed to apply the presumption of aggravation under 38 U.S.C. § 1153 and ignored other evidence. Mr. Rascoe

---

[2] The Veterans Court also ordered a remand to consider Mr. Rascoe's claims for service-connected post-traumatic stress disorder. This claim is not at issue on this appeal.

does not point to any portion of the Veterans Court's decision in which it offered or advanced a new interpretation of a regulation, statute, or other legal standard. After reviewing the evidence before the Board and stating the relevant law, the Veterans Court simply concluded that Mr. Rascoe had not shown any error in the Board's findings and conclusions as to the adequacy of the 2012 VA medical opinion that Mr. Rascoe's right-ear hearing loss was not aggravated by service. Despite Mr. Rascoe's invitation "to review factual determinations or the application of law to the particular facts of an appeal from the Veterans Court," we are without jurisdiction to do so absent a constitutional issue. *Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018); *see also* 38 U.S.C. § 7292(d)(2). We do not possess jurisdiction to consider Mr. Rascoe's right-ear hearing loss-related arguments on appeal.

Mr. Rascoe also argues that the Veterans Court erred in affirming the Board's denial of service connection for his sleep apnea. In Mr. Rascoe's view, the Veterans Court "misinterpreted and misapplied governing law, applied incorrect legal standards, and failed to weigh evidence in accordance with statutory and regulatory standards." Appellant's Br. 11. Mr. Rascoe emphasizes that the Veterans Court "compartmentalized" his testimony about others' observations of him "fighting" in his sleep as relating only to his post-traumatic stress disorder claim. *Id.* In his view, this evidence obligated the VA to determine whether his sleep apnea is service related. Mr. Rascoe next argues that, because the Board did not specifically address his testimonial evidence that he was observed to be "fighting" in his sleep while weighing his sleep apnea claim, the Veterans Court improperly made a factual determination that he was not entitled to a medical examination on the basis of that testimony.

We do not possess jurisdiction to consider either of Mr. Rascoe's sleep apnea-related arguments on appeal. Mr.

Rascoe has not identified a section of the Veterans Court's decision in which it offered or advanced a new interpretation of a regulation, statute, or other legal standard. Nor did the Veterans Court make improper factual findings on appeal. The Veterans Court's decision simply repeated the legal requirements that govern whether the VA must provide a medical examination and applied these requirements to the facts of Mr. Rascoe's case. As a result, Mr. Rascoe's claim is nothing more than a challenge to the application of well-established law to the specific facts of his case, a question over which we lack jurisdiction.

We have considered Mr. Rascoe's remaining arguments but find them to be without merit. Accordingly, we dismiss Mr. Rascoe's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.